UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL R.P.,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br><br>  Defendant. | Case No. 3:24-cv-02145-JSC<br><br>**ORDER REVERSING IN PART AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. Nos. 11, 13 |

Plaintiff seeks social security benefits for a combination of physical and mental impairments including degenerative disc disease with chronic bilateral low back pain and bilateral sciatica status-post distant multilevel lumbar decompression and fusion with radiculopathy; neuropathy; asthma; obesity; high blood pressure; sleep apnea; and psychotic, depression, and anxiety disorders in combination with methamphetamine use. (Administrative Record ("AR") 20, 379.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying his benefits claim. After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), REVERSES the ALJ's decision in part and REMANDS for further proceedings. The ALJ's rejection of Plaintiff's subjective symptom testimony as to his physical impairments was not supported by clear and convincing reasons.

## BACKGROUND

**A. Procedural History**

Pursuant to the Social Security Act, on October 15, 2020, Plaintiff filed applications under Titles II and XVI for disability insurance benefits and supplemental security disability benefits alleging an amended disability onset date of October 15, 2020. (AR 27, 71, 349, 356.) Plaintiff's

1    applications were denied initially and upon reconsideration. (AR 17, 180, 232.) Plaintiff
2    submitted a timely request for a hearing before an Administrative Law Judge (ALJ). (AR 260.) A
3    hearing was held on February 15, 2023 where Plaintiff and a vocational expert testified. (AR 65-
4    109.) On May 24, 2023, the ALJ issued an unfavorable decision finding Plaintiff was not disabled
5    within the meaning of the Social Security Act. (AR 17-36.)

Plaintiff filed a timely request for review with the Appeals Council, which the Appeals Council denied. (AR 1-3.) Plaintiff thereafter filed the underlying action. In accordance with Civil Local Rule 16-5, the parties filed cross briefs on appeal. (Dkt. Nos. 11, 13.[1])

### B. Issues for Review

1. Did the ALJ err in evaluating the medical evidence?
2. Did the ALJ err in evaluating Plaintiff's subjective symptom testimony?
3. Did the ALJ err in failing to resolve apparent inconsistences between the vocational expert's testimony and the Dictionary of Occupational Titles?

## LEGAL STANDARD

A claimant is considered "disabled" under the Act if he meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough he is unable to do his previous work and cannot, based on his age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id*. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's RFC, he
2  can still do his "past relevant work"; and (5) whether the claimant "can make an adjustment to
3  other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), superseded by regulation on
4  other grounds; *see* 20 C.F.R. § 404.1520(a).

## DISCUSSION

### I. MEDICAL OPINION EVIDENCE

Under the regulations that apply to Plaintiff's application, the Commissioner no longer gives specific evidentiary weight to medical opinions, including the deference formerly given to the opinions of treating physicians. Instead, the Commissioner evaluates the "persuasiveness" of all medical opinions in the record based on: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c; *see also Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies."). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions. *See Woods*, 32 F.4th at 791 (citing 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Id*. at 791-92 (cleaned up) (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Id*. at 792 (cleaned up) (citing 20 C.F.R. § 404.1520c(c)(2)). The third factor—"relationship with the claimant"— encompasses "the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed, ... and whether the medical source has examined the claimant or merely reviewed the claimant's records." *Id*. at 792

3

(citing 20 C.F. R. § 404.1520c(c)(3)(i)–(v)). The ALJ must explain how she considered supportability and consistency, and may, but is not required, to explain how she considered factors three, four, and five. *See id*. at 792; *see also* 20 C.F.R. § 404.1520c(b)(2).

The "ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792 (cleaned up). "The agency must articulate how persuasive it finds all of the medical opinions and explain how it considered the supportability and consistency factors in reaching these findings." *Id.* (cleaned up) (citing 20 C.F.R. §§ 404.1520c(b), 404.1520c(b)(2)).

### A.     Dr. Mathews

Plaintiff contends the ALJ erred in concluding the letters submitted by his treating psychologist, Dr. Mathews, were unpersuasive. (AR 33 (discussing AR 816-818 (1/2/21 letter); 1469-1471 (11/15/21 letter)).) Plaintiff appears to take issue with the ALJ's finding that Dr. Mathews' statements regarding Plaintiff's mental limitations were not supported by particular findings and were instead based on Dr. Mathews' "beliefs," and the ALJ's conclusion that Dr. Mathews' opinions were inconsistent with the objective medical evidence as a whole.[2] (AR 33.)

First, as to supportability, the ALJ found Dr. Mathews' statement that "I believe with reasonable professional certainty, that [Plaintiff's] capacity to maintain sustained concentration and attention in the context of a paid work position is compromised" was supported only "vaguely by her 'belief'" and "not well supported by particular findings." (AR 33 (citing AR 817).) Indeed, Dr. Mathews did not refer to any diagnosis, testing, or functional limitation finding to support this statement. And Dr. Mathews' own treatment notes do not document abnormalities with Plaintiff's cognitive functioning. (*See, e.g*., AR 1472, 1477, 1482, 1488, 1494, 1500, 1505, 1510, 1514, 1519, 1523, 1527.) To the extent Dr. Mathews was basing her statement on a traumatic brain injury Plaintiff suffered at age six, the ALJ noted Plaintiff had obtained his GED since then and sustained substantial gainful activity for years. (AR 33.) "The ALJ need not accept

---

[2] Plaintiff does not appear to challenge the ALJ's finding that Dr. Mathews' statements regarding Plaintiff's physical limitations were outside her purview as a psychologist or the ALJ's rejection of Dr. Mathews' opinion regarding Plaintiff's ability to secure gainful employment because that is an issue reserved for the Commissioner. (AR 33.)

the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024). The ALJ's supportability finding here is supported by substantial evidence.

Second, as to consistency, the ALJ found the evidence did not support Dr. Mathews' statement that Plaintiff's "reading ability" and "capacity for understanding and retention of what he strives to read appears problematic" and that he has "what appears to be some processing difficulties." (AR 33, 817.) The ALJ noted the other evidence in the record, including an assessment by his psychiatrist, was that he was of average intellect. (AR 33.) Indeed, the examining psychologist opined in her May 9, 2021 report that Plaintiff's "intellectual function appeared to be within the average range," his recent and remote memory were intact, his concentration was within normal limits, and his ability to perform detailed and complex tasks was "mildly impaired." (AR 1049-1050.) Substantial evidence thus likewise supports the ALJ's conclusion that Dr. Mathews' opinion was not consistent with the medical evidence as a whole.

The Court therefore finds no error as to the ALJ's consideration of the medical evidence.

## II.   SUBJECTIVE SYMPTOM TESTIMONY

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (cleaned up). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (cleaned up).

Applying the two-step analysis, the ALJ first determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 34.) Because Plaintiff met the first part of the test, the ALJ was required to provide "specific, clear and

convincing reasons" for rejecting Plaintiff's testimony regarding the severity of his symptoms, or else find evidence of malingering. *See Lingenfelter*, 504 F.3d at 1036. The ALJ did not find evidence of malingering, but found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 34.)

Plaintiff contends the ALJ erred in rejecting his subjective symptom testimony as to both his mental and physical limitations.

### A. Subjective Symptom Testimony as to Mental Impairments

The ALJ found Plaintiff's "cognitive mental status evaluation findings quite inconsistent with [his] allegations." (AR 30.) Plaintiff contends the ALJ failed to support this finding with specific citations to the record. Not so. The ALJ provided three pages of discussion of the medical record regarding Plaintiff's mental impairments. (AR 27-30.) The ALJ reviewed Plaintiff's mental status reports from October 2020 through January 2023 in detail and concluded that while Plaintiff had instances of increased symptoms, euthymic mood, "variable concentration, memory, speech, or psychomotor retardation," these were not consistent, and the notations of "impaired functional status" did not correspond to specific limitations or findings. (AR 28-30.) Further, although the record included intermittent findings related to his mood and hallucinations, the ALJ noted that as of January 2023, Plaintiff reported his hallucinations were completely gone with his medication and his mood was "OK." (AR 29.)

The clear and convincing standard requires the "ALJ to show [her] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (cleaned up) ("In discounting [Plaintiff's] testimony, the ALJ identified specific, clear, and convincing reasons supporting a finding that [Plaintiff's] limitations were not as severe as [] claimed. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id.* The ALJ set forth specific reasons supported by clear and convincing evidence for rejecting Plaintiff's testimony regarding his mental impairments. That the evidence could support a different conclusion is not the question; "[w]here evidence is susceptible to more than one

6

1 rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods v. Kijakazi*, 32
2 F.4th 785, 788 (9th Cir. 2022).

### B. Subjective Symptom Testimony as to Physical Impairments

As to Plaintiff's physical impairments, the ALJ concluded "the record is consistent with a worsening of his impairments since the prior ALJ decision, but not his alleged level of impairments." (AR 32.) In so finding, the ALJ relied on the "little evidence he actually was prescribed a cane," his use of the case was "short-lived," his gait findings were mostly normal, his other symptoms regarding reduced strength, radiculopathy, and neuropathy improved with physical therapy, and that his recent imaging showed only "mild to moderate degenerative disc disease." (AR 32.) Plaintiff contends the ALJ erred by ignoring the evidence in the record which supported his need for a cane as well as his many treatment notes describing his abnormal or absent sensation along the lumbar spine and positive straight-leg-raise testing. Plaintiff also argues the ALJ ignored the medical evidence of ongoing physical dysfunction during the period he was receiving physical therapy and the March 2023 imaging evidence which document "abnormal" findings due to "bilateral L5-S1 radiculopathy and bilateral peroneal neuropathy severe on the left side and moderate on the right side." (AR 2326.)

As with the evidence of Plaintiff's mental impairments, the ALJ summarized the medical evidence as to Plaintiff's physical impairments in detail. (AR 30-32.) However, the ALJ failed to consider the evidence of a worsening in Plaintiff's physical condition, and instead focused on the evidence supporting her findings. In particular, the ALJ failed to acknowledge the medical reports from October 2021 through December 2022 which reflect ongoing pain ranging from 6 to 8.5 out of 10. (*See, e.g.*, AR 1755 (10/6/21 visit noting pain at 8.5/10); AR 1754 (11/2/21 visit noting pain at 8/10); AR 1753 (12/20/21 visit noting pain at 8/10); AR 1751 (1/17/22 visit noting pain at 7/10); AR 1748 (3/14/22 visit noting pain at 10/10); AR 1744 (4/6/22 visit noting pain at 8/10); AR 1742 (4/26/22 visit noting pain at 8/10); AR 1741 (5/24/22 visit noting pain at 8/10); AR 1738 (6/21/22 visit noting pain at 8/10); AR 1736 (7/6/22 visit noting pain at 7/10); AR 1735 (7/13/22 visit noting pain at 8/10); AR 1733 (8/5/22 visit noting pain at 6 out of 10); AR 1731 (8/26/22 visit noting pain at 8.5/10); AR 1725 (9/28/22 visit noting pain at 8.5/10); AR 1721 (11/30/22 visit

noting pain 6/10).) To the extent the ALJ discusses these records, she ignores Plaintiff's reports of pain at 8/10 during these visits and instead cites to the portion of the record from these visits noting his gait was "intact." (AR 31.) But the visits the ALJ relied upon were both telemedicine visits so it is unclear what it means that his gait was reported as "intact." (AR 1735, 1744.)

Likewise, while the ALJ cites Plaintiff's physical therapy notes from December 20, 2022 stating he was still in pain, but he was moving better and was happy with his progress, the ALJ ignores the treatment notes from the very next day reporting cervical, thoracic, lower back, and bilateral leg pain at 8/10. (*Compare* AR 31 (citing AR 1761) *with* AR 1719.) Similarly, although the ALJ characterizes the "recent imaging studies as consistent with 'mild to moderate degenerative disc disease,'" she ignores the "abnormal" finding of severe to moderate radiculopathy from February 2023.

The Commissioner insists the ALJ's findings are also supported by Plaintiff's activities of daily living which undermine his reports of pain. But the ALJ did not cite to Plaintiff's activities of daily living as a basis for her findings and the Court cannot consider these post hoc rationalizations not offered by the ALJ. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

To be sure, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Smartt*, 53 F.4th at 499. However, the ALJ cannot cherry pick the evidence which supports her finding while ignoring other contradictory evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (finding error when the ALJ's decision did not account for the record "as a whole," but rather relied on "cherry picked" evidence); *Williams v. Colvin*, No. 14-cv-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) (cleaned up) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination."). Accordingly, the ALJ's rejection of Plaintiff's subjective symptom testimony regarding his physical impairments is not supported by clear and convincing reasons.

### III. THE ALJ'S STEP FIVE DETERMINATION

Plaintiff contends the ALJ erred in failing to resolve inconsistencies between the Vocational Expert's testimony and the Dictionary of Occupational Titles. The Commissioner concedes there was an error with respect to consideration of the jobs of cashier II and sales attendant, but contends there was no conflict as to the job of marker. (Dkt. No. 13 at 9-10.) The ALJ's errors with respect to her consideration of Plaintiff's subjective symptom testimony regarding his physical limitations requires remand. *See Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1056 (9th Cir. 2006). Because the jobs were based on a RFC that included Plaintiff's physical and mental limitations, and the RFC may be modified on remand, the Court declines to consider Plaintiff's step five arguments.

### IV. REMEDY

Plaintiff asks the Court to remand the case for further proceedings. Remand is appropriate here so the ALJ can consider fully consider Plaintiff's subjective symptom testimony as to his physical limitations.

### CONCLUSION

For the reasons stated above, the Court REVERSES the ALJ's decision in part and REMANDS for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: October 28, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

9